Guillermo **MUNGIA**, Erminia Mungia, Plaintiffs–Appellants

v.

**STATE FARM LLOYDS,**
Defendant–Appellee.

No. 07–40283.

United States Court of Appeals,
Fifth Circuit.

April 28, 2008.

Savannah Lina Robinson, Danbury, TX, for Plaintiffs–Appellants.

Victor Vincent Vicinaiz, Roerig, Oliveira & Fisher, McAllen, TX, Christopher Weldon Martin, Levon G. Hovnatanian, Bruce Edwin Ramage, Martin, Disiere, Jefferson & Wisdom, Houston, TX, Christopher Andrew Lotz, David R. Stephens, Lindow & Treat, San Antonio, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Guillermo and Erminia Mungia appeal from the district court's ruling on sum-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under

402

mary judgment that their Texas homeowner's policy does not provide coverage for mold damage to their dwelling that arises from an accidental discharge of water. The Mungias argue that the mold exclusion found in their policy is not applicable because of an "exclusion repeal" provision. They rely on the Texas Supreme Court's decision in *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738 (Tex.1998). We have recently addressed this identical issue, concluding that *Balandran* is inapplicable and that mold damage to the dwelling is not covered under the policy language at issue here. *See Carrizales v. State Farm Lloyds*, 518 F.3d 343 (5th Cir. 2008). The Mungias's arguments are thus foreclosed by our precedent.

AFFIRMED.

the limited circumstances set forth in 5TH CIR.     R. 47.5.4.